UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 20-14244-CV-MIDDLEBROOKS

RONALD EDWARD WOLF, et al.,

    Plaintiffs,

v.

COLLEGE OF THE HOLY CROSS, et al.,

    Defendants.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

THIS CAUSE comes before the Court upon Magistrate Judge Shaniek M. Maynard's Report and Recommendation ("Report"), issued on December 31, 2020. (DE 50). Plaintiffs filed "Limited Objections" to the Report (DE 56), to which Defendants filed a Response (DE 68). For the following reasons, the Report is adopted, and Plaintiffs' Limited Objections are overruled.

This negligence action arose from a car accident that occurred in January 2020, in which Defendant Diggins, among others, was injured. (*See* DE 4; DE 33 at ¶ 1). Plaintiffs moved to compel Defendant Diggins to provide deposition dates (DE 20), and Defendants then filed a Cross-Motion for Protective Order due to medical reasons (DE 33). Based upon the Parties' written submissions and the evidence and argument presented at two hearings, the Report recommends that Plaintiffs' Motion to Compel be denied and Defendants' Cross-Motion be granted. (DE 50).

This Court reviews *de novo* the portions of the Report objected to by Plaintiffs. *See* 28 U.S.C. § 636(b)(1); *United States v. Powell*, 628 F.3d 1254, 1256 (11th Cir. 2010). After a careful review of the Report, hearing transcripts, and record, I agree with the Report's recommendations. Here, Plaintiffs dispute only limited portions of the Report. I will address each objection in turn.

First, Plaintiffs dispute the findings of Defendant Diggins' treating psychologist, which Judge Maynard relied upon in forming the above recommendations. (DE 56 at 2; *see* DE 50 at 6–7). Specifically, the psychologist opined that Defendant Diggins has post-traumatic stress disorder ("PTSD") and still experiences PTSD symptoms related to the accident at issue in this case, and that him revisiting the details of the accident near its one-year anniversary may be harmful to his psychological recovery. (DE 56 at 1–2; DE 50 at 6–7). Plaintiffs do not expressly object to Judge Maynard's findings. Rather, they assert that they "were not afforded the opportunity to effectively attack and contradict [the psychologist's] proffer" because, although their counsel cross-examined Defendant Diggins' psychologist at a hearing on this matter, "Plaintiffs were unable to obtain medical records in possession of [the psychologist], severely prejudicing Plaintiffs' ability to cross-examine [the psychologist] effectively and sufficiently as to the conclusions set forth in his letter, which was relied on by the Magistrate Judge in issuing her R&R." (DE 56 at 2).

Plaintiffs therefore request that, if I adopt the Report, these findings regarding Defendant Diggins' PTSD symptoms that are based on the psychologist's letter "be limited to purposes of the Motion to Compel and Protective Order and not be admissible for purposes of trial." (*Id.*). In their Response, Defendants assert that because they "do not intend to offer Magistrate Judge Maynard's findings as evidence at trial of Mr. Diggins' condition," this objection is moot. (DE 68 at 1).

I agree. Because the Parties agree that the Report's findings relating to Defendant Diggins' PTSD symptoms will not be introduced as evidence at trial, Plaintiffs' first objection is overruled.

Moreover, to the extent that Plaintiffs object to the Report based upon their inability to obtain medical records prior to cross-examining Defendant Diggins' psychologist, I am not persuaded that this provides a basis upon which to object to the Report. Plaintiffs apparently did not serve a subpoena on the psychologist to request the records, object prior to the psychologist's examination at the hearing, or seek any other appropriate relief from the Court. (*See id.* at 2).

2

Plaintiffs' second "objection" instead appears to be a new request for relief that is not properly raised in objections to the Report. Specifically, Plaintiffs seek "the addition of language ordering that Mr. Diggins be deposed between March 16, 2021 and March 30, 2021." (DE 56 at 3). If Plaintiffs intend to seek a court order requiring that Defendant Diggins be deposed between certain dates, they must file a separate motion that "state[s] with particularity the grounds for seeking the order." Fed. R. Civ. P. 7(b)(1)(B). At this stage, however, this "objection" is overruled.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

(1) The Report (DE 50) is **RATIFIED, AFFIRMED, and ADOPTED**.

(2) Plaintiffs' Limited Objections (DE 56) are **OVERRULED**.

(3) Plaintiffs' Motion to Compel (DE 20) is **DENIED**.

(4) Defendants' Cross-Motion for Protective Order (DE 33) is **GRANTED**.

(5) Any deposition of Defendant Diggins is **DELAYED** until after March 15, 2021.

(6) The discovery deadline will therefore be extended to a date beyond March 16, 2021. The remaining pretrial deadlines will be adjusted accordingly, and the trial will be continued. An amended pretrial scheduling and trial order will be entered in due course and will be based upon this Order and my ruling on the pending Renewed Motion to Modify Trial Term and Pre-Trial Deadlines (DE 61) recently filed by Defendants.

**SIGNED** in Chambers at West Palm Beach, Florida, this 22nd day of January, 2021.

Donald M. Middlebrooks
United States District Judge

cc:    Counsel of Record